**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

JUSTICE RAISDEEN ALLAH,          :
                                 :     Civil Action No. 08-1753 (JAP)
            Plaintiff,           :
                                 :
       v.                        :         **O P I N I O N**
                                 :
MICHELLE R. RICCI, et al.,       :
                                 :
            Defendants.          :

**APPEARANCES:**

Justice Raisdeen Allah, Pro Se
# 230948
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

**PISANO**, District Judge

Plaintiff Justice Raisdeen Allah, a prisoner confined at the New Jersey State Prison, Trenton, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, the Complaint will be dismissed, without prejudice.

## BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint.

Plaintiff states that from August 31, 2006 until November 21, 2006, he was housed at New Jersey State Prison in a cell that "was dilapidated due to extensive water damage."  Plaintiff states that he had cups and styrofoam trays placed throughout his cell to catch water, and had tried to clog leaks with soap so that the water was slowed down.  He contends that the water fell on the bed, the tables, all four walls, and a shelf bolted to the wall.  He notes that the water that ran from the roof usually accumulated in huge puddles between certain cells on the tier.

Plaintiff states that he informed all defendants of this water damage to no avail.  In fact, various defendants inspected the cell and "saw nothing wrong with the cell."  At one point, he was told that he would be removed from the cell, but nothing happened.  Then various defendants stated that they would talk amongst each other, and again nothing happened.  Finally, on November 21, 2006, the prison psychologist saw the cell expressed disbelief at the water leaking in.  The psychologist allegedly

2

made some calls, and an hour later Plaintiff was moved to a new cell.

Plaintiff comments that he has demonstrated "an enormous amount of restraint" in dealing with the defendants inaction. He asks for monetary and other relief.

## DISCUSSION

**A.   Standard of Review**

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it

rests.'" Bell Atl. Corp. v. Twombly, ---U.S. ----, ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to puss muster under the Rule 8 pleading standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

**B.    42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.    Plaintiff's Claims Will Be Dismissed, Without Prejudice.**

The Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes.  See Rhodes v.

Chapman, 452 U.S. 337, 344-46 (1981).  The Eighth Amendment proscription against cruel and unusual punishments is violated by the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency."  Helling v. McKinney, 509 U.S. 25, 32 (1993).  It is well-settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  Id. at 31.

    To state a claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component.  See Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' ... are sufficiently grave to form the basis of an Eighth Amendment violation."  Helling v. McKinney, 509 U.S. at 32 (quoting Rhodes, 452 U.S. at 346).  This component requires that the deprivation sustained by a prisoner be sufficiently serious, for only "extreme deprivations" are sufficient to make out an Eighth Amendment claim.  See Hudson v. McMillian, 503 U.S. 1, 9 (1992).  The subjective component requires that the state actor have acted with "deliberate indifference," a state of mind equivalent to a reckless disregard of a known risk of harm.  See Farmer v. Brennan, 511 U.S. 825, 835 (1994); Wilson, 501 U.S. at 303.

6

A plaintiff may satisfy the objective component of a conditions of confinement claim if he can show that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, sanitation, medical care, and personal safety. See Rhodes, 452 U.S. at 347-48; Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992). However, while the Eighth Amendment directs that convicted prisoners not be subjected to cruel and unusual punishment, "the Constitution does not mandate comfortable prisons." Rhodes, 452 U.S. at 349. To the extent that certain conditions are only "restrictive" or "harsh," they are merely part of the penalty that criminal offenders pay for their offenses against society. See id. at 347.

An inmate may fulfill the subjective element of such a claim by demonstrating that prison officials knew of such substandard conditions and "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety." Ingalls v. Florio, 968 F. Supp. 193, 198 (D.N.J. 1997).

In this case, Plaintiff has not alleged facts indicating that there was a substantial risk of harm to his health or safety. For example, Plaintiff does not assert that he has suffered any medical problems due to the water leaks, or that he was in any physical danger due to the leaks. While the

7

conditions described by Plaintiff may not be considered "ideal," Plaintiff has not alleged facts indicating that the conditions were serious, or posed him harm.  As pled, Plaintiff has not alleged facts showing that he was deprived of food, clothing, shelter, sanitation, medical care, or personal safety.  He has demonstrated that he was inconvenienced.  However, that is not enough to rise to a level of constitutional deprivation.

Therefore, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, the dismissal will be without prejudice to Plaintiff filing a motion to reopen and an amended complaint.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint will be dismissed, without prejudice.  See Alston, 363 F.3d at 234 n.7 (stating that with a complaint that makes "little sense," District Court could have dismissed complaint without prejudice, to permit Plaintiff to amend the complaint to make it plain). The Court notes that "generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action."  Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995)(quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)).  In this case, if Plaintiff can

correct the deficiencies of his complaint, he may file a motion to reopen these claims in accordance with the attached Order.

                                                  /s/ Joel A. Pisano
                                                JOEL A. PISANO
                                                United States District Judge

Dated: May 30, 2008