NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JUSTICE RASIDEEN ALLAH,**<br><br>Plaintiff,<br><br>v.<br><br>**MICHELE RICCI, et al.,**<br><br>Defendants. | Civil Action No. 08-1753 (JAP)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiff Justice Rasideen Allah's Motion to Amend his Complaint in order to amend the already existing causes of action against Defendants in their *official* capacities to also assert causes of action against Defendants in their respective *individual* capacities [Docket No. 100]. Defendants oppose Plaintiff's motion. The Court has fully reviewed the papers submitted in support of and in opposition to Plaintiff's motion, and considers same without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth below, Plaintiff's motion to amend his Complaint is DENIED.

**I.    Background**

Plaintiff Justice Rasideen Allah ("Allah") is an inmate of the New Jersey State ("NJS") Prison where he is currently serving a sentence of 30 years to life. For three months, from August 21, 2006 to November 21, 2006, Plaintiff was assigned to and housed in a single bed cell located in the West Compound of NJS Prison, known as Cell #32, Tier 3, 7 Wing ("Cell 32"). On April 10, 2008, Plaintiff filed a Complaint alleging that Defendants, while acting in their

official capacities, violated his constitutional rights. On May 30, 2008, the Court dismissed the action for failure to state a claim. [Docket No. 2] However, the Court granted Plaintiff leave to file a motion to re-open the Complaint if he was able to "correct the deficiencies of his Complaint." *Id.* at 8. On June 30, 2008, Plaintiff filed his motion to re-open the Complaint [Docket No. 4] in which he further clarified the basis for his claims, alleging that the conditions he was exposed to in Cell 32 amounted to "cruel and unusual punishment" in violation of his constitutional rights under the Eighth Amendment. The Court accordingly re-opened the case on August 4, 2008 [Docket No. 6].

Plaintiff further amended his Complaint to withdraw and to amend claims for damages on September 19, 2009 [Docket No. 42]. The Court issued an Order on May 11, 2011 [Docket No. 92] which set the deadline for filing dispositive motions at June 24, 2011. No specific deadline had been set for the filing of a Motion to Amend. On June 24, 2011, Defendants filed a motion for Summary Judgment to Dismiss Plaintiff's claims based, in part, on the theory that Defendants, who had been sued in their official capacities, are entitled to immunity under the Eleventh Amendment of the Constitution. That motion is still pending before the Court. On June 29, 2011, Plaintiff's motion to amend was docketed. Plaintiff asserts that he completed this motion on June 24th, 3 days before he received Defendants' Motion for Summary Judgment. Indeed, he submits a receipt from the NJS Prison which indicates that he received Defendants' motion on June 27th. Plaintiff also submits a receipt from the NJS Prison which seems to indicate that he submitted the current motion to prison officials on June 24th and that they processed same on June 28th.

In his current motion, Plaintiff seeks to amend his Complaint to clarify that he wishes to sue each defendant "in their respective **official and individual capacity**." Plaintiff asserts that he incorrectly assumed that his "request to recover monetary relief would automatically be applied to each defendant." He asserts that Defendants would not be prejudiced by allowing the amendment. In support of his motion to amend, Plaintiff repeatedly relies on the fact that he is a *pro se* litigant without experience and knowledge regarding this area of the law. He reminds the Court that he is entitled to a certain amount of leniency with respect to his allegations. *See Haines v. Kerner*, 404 U.S. 519 (1972) and *Erickson v. Pardus*, 551 U.S. 89 (2007).

Defendants oppose Plaintiff's motion. Defendants state that Plaintiff only sought to amend his Complaint after he was confronted with their Motion for Summary Judgment which raised the Eleventh Amendment issue and which caused Plaintiff to realize that his Complaint, as pleaded against Defendants acting in their "official capacity," would fail.

Defendants further argue that Plaintiff's motion to amend should be denied on the grounds of untimeliness, undue prejudice and futility. Defendants contend that Plaintiff was on notice that dispositive motions were to be filed by June 24, 2011. Thus, Defendants argue that if he wanted to add anything to his Complaint, Plaintiff should have done so prior to that deadline. Defendants assert that they properly relied on Plaintiff's claims as set forth in the Complaint in preparation of their Motion for Summary Judgment and that allowing Plaintiff to alter his legal theories at this late date would be prejudicial and unwarranted. *See Ickes v. Borough of Bedford*, 271 F.R.D. 458, 461 (W.D. Pa. 2010).

In addition, Defendants argue that Plaintiff's proposed amendment should be denied for legal futility reasons. Defendants assert that, as a matter of law, the conditions of which Plaintiff

Case 3:08-cv-01753-JAP-TJB   Document 116   Filed 10/04/11   Page 4 of 8 PageID: 1292

complains in his Complaint do not amount to a violation of Plaintiff's constitutional rights. Plaintiffs proposed amendment does not add any substantive allegations to the Complaint. Thus, Defendants argue that Plaintiff's Complaint, as amended, would fail to state a claim upon which relief can be granted. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

**II.    Analysis**

Pursuant to FED.R.CIV.P. 15(a)(2), leave to amend the pleadings is generally given freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). The Court will first address the issue of undue delay.

As stated earlier, no specific deadline was set for the filing of a motion to amend. However, the parties were well aware that the deadline for the filing of dispositive motions was June 24, 2011. Implicitly, that date was the deadline for the parties to have their positions in this matter fully formulated and their cases ready for trial. This litigation has proceeded with the Complaint unaltered in substance for over three years and has now reached the point of summary judgment.

The current motion was filed with the Court on June 29, 2011. Plaintiff alleges that he

completed his Motion to Amend on June 24, 2011 and handed the paperwork to prison officials on that date. Therefore, Plaintiff sought to submit this motion on the very day which was the deadline for filing dispositive motions as ordered by the Court. Though he is not a trained attorney, Plaintiff is a fairly experienced litigant and, at the least, he should have known that motion papers which were handed to prison officials would not be docketed by the Court that same day. Thus, even when viewed in a light most favorable to Plaintiff, the Court finds that he submitted the current motion past the deadline to file dispositive motions.

Plaintiff notes several times that he is a *pro se* litigant and that, as such, he should be afforded some measure of leniency due to his lack of expertise. The Court has obliged in the past and has tried to be as accommodating as possible. However, Plaintiff specifically stated in his motion papers that he filed this motion independently and without notice of Defendant's Motion for Summary Judgment. Thus, it is Plaintiff's position that Defendants' brief did *not* spur him to file the present motion; but that he did so on his own initiative. What Plaintiff fails to explain, however, is why he did not do so until such a late date. If this was truly an independent motion brought by Plaintiff, he could have, and should have, filed his motion sooner, at any other time throughout the litigation. The Court notes that Defendants set forth the Eleventh Amendment issue as an affirmative defense in their Answer to Plaintiff's Complaint, which was filed with the Court on March 31, 2009 [Docket No. 35]. Thus, Plaintiff was on notice of this issue since that date.

Delay alone, however, does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an

unfair burden on the opposing party" that denial of a motion to amend is appropriate.  *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984).  Moreover, unless the delay at issue will prejudice the non-moving party, a movant does not need to establish a compelling reason for its delay.  *See Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981).  Thus, the Court will now address Defendants' argument of undue prejudice.

In deciding whether to grant leave to amend under Rule 15(a)(2), "prejudice to the non-moving party is the touchstone for the denial of the amendment."  *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).  To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction.  *See Long*, 393 F.3d at 400.

This case has proceeded nearly 3 years and has finally reached a point where expert reports have been completed and where dispositive motion practice is ripe.  As Defendants note in their Response brief, they properly relied on Plaintiff's Complaint in preparing their Motion for Summary Judgment and in preparing their defense strategy in the event of trial.  To allow an amendment to that Complaint would necessitate a new litigation strategy on behalf of Defendants and the new causes of action, if allowed, would certainly diminish the effect of Defendants' Motion for Summary Judgment.  At this late stage in the litigation, the Court finds that Defendants would be prejudiced if such an amendment were permitted.

In addition, any amendment to the Complaint would also require an adjustment to the Scheduling Order insofar as to allow the parties to timely submit their dispositive motions as they relate to the proposed Amended Complaint and these proceedings would be delayed even further. Additionally, Defendants would have been afforded an opportunity to obtain separate counsel to defend against the individual claims. Plaintiff's unexplained delay in filing the instant motion in combination with the potential for prejudice to Defendants if the amendment is allowed and the burden on the Court due to drawn out proceedings are compelling reasons to deny Plaintiff's motion to amend his Complaint.

Defendants have also based their opposition to Plaintiff's motion on the grounds that the amendment would be futile because Plaintiff has failed to state a claim upon which relief could be granted. This argument is moot in light of the fact that Plaintiff's motion to amend is denied for the reasons set forth above; however, the Court will briefly address Defendants' argument. By way of history, this Complaint was initially dismissed for failure to state a claim and Plaintiff was granted leave to file a motion to re-open. He did so and the Court determined that he had properly established a claim upon which relief could be granted. As Defendants note, Plaintiff has not proposed any substantive changes to his Complaint. Thus, nothing has changed since the Court first determined that Plaintiff had set forth a valid claim. As such, Plaintiff's claim is not futile as pled. Any further issues regarding the validity of his claims are questions of fact to be determined at a later date and would therefore not be appropriate ground on which to deny Plaintiff's motion to amend.

/

/

/

/

### III. Conclusion

For the reasons stated above, Plaintiff's motion to amend is DENIED. An appropriate Order follows.

Dated: October 4, 2011

   s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**