**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


JUSTICE RAISDEEN ALLAH,      :
                             :   Civil Action No. 08-1753 (JAP)
          Plaintiff,         :
                             :
     v.                      :           O P I N I O N
                             :
MICHELLE R. RICCI, et al.,   :
                             :
          Defendants.        :
```

**APPEARANCES**:

Justice Raisdeen Allah, <u>Pro</u> <u>Se</u>
#230948
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Benjamin Clarke, Esq.
Russell J. Passamano, Esq.
DeCotiis, Fitzpatrick, Cole & Wisler
Glenpointe Centre West
500 Frank W. Burr Blvd.
Teaneck, NJ 07666
Co-Counsel for Defendants

Dianne M. Moratti
Office of the NJ Attorney General
Richard J. Hughes Complex
CN 112
Trenton, NJ 08625
Co-Counsel for Defendants

**PISANO, District Judge**

This matter comes before the Court upon Plaintiff's motion for reconsideration (docket entry 123), filed on February 9, 2012. Defendants filed opposition to the motion (docket entry 125), to which Plaintiff replied (docket entry 126).

This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, the motion will be denied.

## BACKGROUND

Plaintiff filed a complaint, asserting jurisdiction under 42 U.S.C. § 1983, in this Court on April 10, 2008.  Plaintiff's claims concerned the conditions of his confinement.  After years of litigation, on June 24, 2011, Defendants filed a motion to dismiss, or in the alternative, for summary judgment (docket entry 98).  On January 25, 2012, this Court issued an Opinion and Order granting the motion (docket entries 121, 122).

Plaintiff's original claims concerned his housing unit in the New Jersey State Prison and unsafe conditions.  Discovery proceeded, and, in granting Defendants' motion to dismiss, this Court found that Plaintiff failed to exhaust his administrative remedies, as required by 28 U.S.C. § 1997e(a), and, alternatively, that Plaintiff had not met the standard for an Eighth Amendment conditions of confinement claim, in that he didn't suffer any substantial injury, or a significant risk of harm.  See Opinion, docket entry 121.

Plaintiff's motion for reconsideration asserts that this Court erred in finding that he failed to exhaust his administrative remedies, that he was improperly denied his chance to amend his complaint in order to sue the Defendants in the

2

proper capacity, and that he meets the test for an Eighth Amendment conditions of confinement claim.

## **DISCUSSION**

In the District of New Jersey, motions for reconsideration are governed by Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1. The Third Circuit has made clear that motions for reconsideration should only be granted in three situations: (1) when an intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice.  N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).  If none of these three bases for reconsideration is established, "the parties should not be permitted to reargue previous rulings made in the case." Oritani Sav. & Loan Ass'n. v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).  Further, "[b]ecause reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'" NL Indus. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996)(quoting Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).

Plaintiff's argument as to his administrative remedies is that he in fact, attempted to exhaust, that his remedies have remained unresolved, and that the "[g]rievance system at New

Jersey State Prison is broken." (Motion, Memorandum of Law, pp. 10-13). This Court has reviewed the attachments to the motion, and finds nothing evidencing that this Court made a clear error of law in finding Plaintiff's claims unexhausted. While this Court appreciates Plaintiff's attempts at resolving his issues, he has not demonstrated that he has exhausted his administrative remedies as required by statute and case law, for purposes of pursuing his claims under § 1983.

Additionally, Plaintiff admits that he sued Defendants in their official capacities, as this Court pointed out in its Opinion; however, Plaintiff argues, he attempted to amend his complaint and his motion to amend was denied by the Magistrate Judge. He asks this Court for reconsideration of the Magistrate Judge's opinion denying his motion to amend. This Court refuses to revisit a motion decided by the Magistrate Judge prior to the decision at issue in this motion for reconsideration.

Regardless, this Court also rejects Plaintiff's argument in the instant motion that he has demonstrated an Eighth Amendment violation. Plaintiff asserts that this Court overlooked the extent of his medical conditions, and case law concerning "deliberate indifference." However, Plaintiff's arguments do not meet the requirements necessary to permit this Court to reconsider its Opinion. Plaintiff's arguments were previously presented, or should have been, in the course of the litigation

4

of the motion.  He cannot revisit these arguments in a motion for reconsideration.  Plaintiff's recourse, if he disagrees with this Court's decision, is to file an appeal with the Court of Appeals.

Therefore, this Court finds that Plaintiff has not demonstrated that this Court's previous decision should be reconsidered under Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1. Plaintiff has shown neither a manifest injustice, nor an intervening change in controlling law, new evidence, or a clear error of law by this Court.  The motion will be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is denied.  An appropriate Order follows.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: September 21, 2012